IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

TOBY MICHAEL GREEN                                                                                              PLAINTIFF

  v.                              Civil No. 6:20-cv-06091

SHERIFF MICHAEL McCORMICK, Sheriff Garland
County; ELROD, Chief Deputy; D KING, Jailer; and
WUNDERLAND, Deputy                                                                                           DEFENDANTS

## **ORDER**

Plaintiff, Toby Michael Green, filed this 42 U.S.C. § 1983 action *pro se* on August 21, 2020 in the Eastern District of Arkansas. (ECF No. 2). On August 31, 2020, the case was transferred to the Western District of Arkansas, Hot Springs Division. (ECF No. 4). Plaintiff's application to proceed *in forma pauperis* was granted on September 23, 2020. (ECF No. 10). On November 20, 2020, the parties consented to have the undersigned conduct all proceedings in this case including a jury or nonjury trial and to order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (ECF No. 31). Before the Court is Plaintiff's failure to comply with orders of the Court.

On June 21, 2021, Defendants filed a Motion to Compel. (ECF No. 44). That same day the Court ordered Plaintiff to file a Response to the motion by July 12, 2021. (ECF No. 47). The order informed Plaintiff that failure to timely and properly comply with the order would result in the case being dismissed without prejudice. Plaintiff did not file a Response and the order directing him to do so was not returned as undeliverable. On July 26, 2021, the Court entered an order directing Plaintiff to show cause by August 16, 2021, as to why he failed to comply with the Court's order directing him to file a response to Defendants' Motion to Compel. (ECF No. 49). This order also informed Plaintiff that failure to comply would result in this case being dismissed.

1

To date Plaintiff has not responded and the show cause order has not been returned to the Court as undeliverable.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey orders of the Court. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED,** this 20th day of August 2021.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE